**DELAWARE HARNESS RACING COMMISSION, Defendant Below, Appellant,**

v.

**Duane MITCHELL, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 17, 1981.

Decided Feb. 11, 1982.

---

James J. Hanley, (argued), Deputy Atty. Gen., Wilmington, for defendant below, appellant.

William M. Chasanov (argued), Brown, Shiels & Chasanov, Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

PER CURIAM:

This appeal requires review of a Superior Court ruling reversing a decision by the Delaware Harness Racing Commission (hereinafter "Commission"), ordering a 10-day suspension of the appellee driver.

I.

Duane Mitchell, a harness race driver, drove in a race at Dover Downs and finished third. During the race, the judges perceived what they believed to be a failure by Mitchell to make any attempt to improve the position of his horse during the last quarter of the race. The judges conferred and unanimously found Mitchell's performance unsatisfactory due to "indifference,"

in violation of Commission Rule 18 § 5.[1] Mitchell appealed to the Commission.

During the hearing, the Commission reviewed the video tape of the race and heard testimony from Mitchell, the racing judges, and another driver called in rebuttal by Mitchell. The Commission unanimously affirmed Mitchell's "suspension for lack of effort" in the specified race. Mitchell appealed to the Superior Court under 28 Del.C. § 525.[2]

The Superior Court reversed the decision of the Commission. The Court held, "A review of the record in this case reveals no credible evidence to support the charge against [Mitchell]. The sum total of the evidence seems to be that the appellant failed to use his whip on the horse in the race in question, contrary to his usual driving methods. * * * "

II.

In concluding that "this case reveals no credible evidence to support the charge" and in referring to the "sum total of the evidence," the Superior Court obviously exceeded its authority under 28 Del.C. § 525 "to review [this case] upon questions of law only." It appears from the record that the Superior Court weighed the evidence and made its own findings of fact.

"The standard for judicial review of a decision of an administrative body is well

1. Commission Rule 18 § 5 provides:
   "§ 5. Fraudulent or Unsatisfactory Driving.
   "(a) Every heat or dash in a race must be contested by every horse in the race and every horse must be driven to the finish.
   "(b) If the judges believe that a horse is being driven.
   "(1) with a design to prevent his winning a heat or dash which he was evidently able to win; or
   "(2) is being raced so as to perpetrate or aid in a fraud, they shall consider it a violation and the driver, and anyone in concert with him, may be fined suspended or expelled and the matter referred to the Commission.
   "(c) In the Event . . .
   "(1) A drive is unsatisfactory due to carelessness or indifference, or
   "(2) is being raced in an inconsistent manner compared to an established pattern of prior performances, and the judges believe

that there is no fraud, they may forthwith impose a penalty."

2. 28 Del.C. § 525 provides:
   "§ 525. Suspension or revocation; appeal.
   "Any license issued by the Commission shall be subject to suspension or revocation by the Commission for any cause whatsoever which the Commission deems sufficient. If any license is suspended or revoked, the Commission shall state publicly its reasons for so doing and cause an entry of the reasons to be made on the minute book of the Commission and its action shall be final. The propriety of such action shall be subject to review, upon questions of law only, by the Superior Court of the county within which the license was granted. The action of the Commission shall stand unless and until reversed by the Court." (emphasis added)

established. 'Reversal is warranted if the administrative agency exercised its power arbitrarily or committed an error of law, or made findings of fact unsupportable by substantial evidence.'" *Olney v. Cooch*, Del.Supr., 425 A.2d 610, 612–13 (1981). "Substantial evidence has been defined to mean, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Olney*, 425 A.2d at 614.

■ Because the Superior Court violated the established rule of review of the decision of an administrative agency, and because there was substantial evidence to support the Commission's finding, we must reverse and order reinstated the decision of the Commission.

### III.

■ Mitchell contends that the Commission deprived him of his right to know with particularity the substance of that with which he was being charged. In particular, he argues that he was notified that he had violated Commission Rule 18 § 5 without any indication as to the specifics of the charge. He cites Superior Ct.Crim.Rule 7(c)[3] as authority supporting his right to specificity.

This contention is manifestly without merit. Mitchell is charged with violating an administrative rule; this is not a criminal proceeding. The record indicates that Mitchell was notified that he had violated Commission Rule 18 § 5; this, in itself, was sufficiently clear to satisfy any notice requirement in this case.

\* \* \*

Reversed.

---

3. Rule 7(c) provides in pertinent part:
  "Rule 7. The Indictment And The Information.
  \* \* \* \* \* \*

"(c) Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. \* \* \*"